IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Reginald Brooks, #87761, a/k/a Thomas Reginald Brooks, #295842,<br><br>PLAINTIFF,<br><br>vs.<br><br>David Merchant, Shannon Perkins, Sumter County Emergency Medical Services, City of Sumter Police Department, Engine 209, Sumter Fire Department, Sheppard-Lewis, Caroline, Sumter Police Department (Badge #1856), McCoy, Tony, Sumter Police Department (Badge #1929), Bradley, James, Sumter Police Department (Badge #1987), Arroyo, Tiffany, Sumter Police Department (Badge #1990), Omurwa, Tony, Sumter Police Department (Badge #2310), Price, Jared, Sumter Police Department (Badge #3037), Pring, Ryan, Sumter Police Department, Wade, Kelsey, Sumter Police Department, Hansen, Jeffery, Sumter Police Department, Prisma Health Tuomey, Emergency Services Staff, Prisma Health Richland, Emergency Services Staff or Trauma, ICU, Aircare, Air Ambulance Service, Lifenet, Air Ambulance Service, Department of Environment and Control (DHEC), Advisory Counsel for the State of South Carolina, and The Estate of Stevy Pleasant,<br><br>DEFENDANTS | C/A No. 3:23-cv-01987-TLW-TER<br><br><br><br><br><br><br><br><br><br>**ORDER** |

Plaintiff, Thomas Reginald Brooks, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against the above-named defendants. ECF No. 1. Plaintiff is a state pretrial detainee charged with murder in Sumter County, South Carolina. *See Brooks v. City of* Sumter, C/A No. 3:23-cv-1665-TLW (Apr. 23, 2023), ECF No. 10 at 3. After filing his complaint, Plaintiff filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 2. This matter now comes before this Court for review of the Report and

Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, (D.S.C.). ECF No. 6. The Report recommends denying Plaintiff's motion to proceed *in forma pauperis*. *Id.* at 2–6. Plaintiff has filed objections to the Report. ECF No. 8. Accordingly, this matter is ripe for review.

The Report recommends that Plaintiff's motion to proceed *in forma pauperis* be denied pursuant to the Prison Litigation Reform Act of 1996's ("PLRA") "three-strike" rule, which states:

> In **no event shall** a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, **or** fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* (quoting § 28 U.S.C. § 1915(g)) (emphasis in original) (internal footnotes omitted). In the Report, the magistrate judge identified the following three actions or "strikes," which were dismissed for failure to state a claim:

(1) *Brooks v. City of Sumter, et al.*, C/A No. 3:23-cv-01665-TLW (Apr. 24, 2023);

(2) *Brooks v. City of Columbia, SC, et al.*, C/A No. 4:12-cv-02147-TLW (Aug. 1, 2012), and

(3) *Brooks v. Crawford, et al.*, C/A No. 4:02-cv-01903-TLW (June 27, 2002).

*Id.* at 3–4. Accordingly, the Report finds that "[i]n light of Plaintiff's prior dismissals as discussed above, he cannot now proceed with the instant Complaint *in forma pauperis* [.]" *Id.* at 5.

The Report next analyzes whether Plaintiff can meet the "imminent danger" exception to the PLRA's three-strike rule. *Id.* For the "imminent danger" exception of §

1915(g) to apply, "the imminent danger 'must exist at the time the complaint ... is filed, not when the alleged wrongdoing occurred,' and the prisoner "must allege 'ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Meyers v. Clarke*, 767 Fed. App'x 437, 439 (4th Cir. 2019) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Moreover, "allegations of imminent danger in the IFP application must have some nexus or relation to those of the underlying complaint." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 Fed. App'x 90, 91 (4th Cir. 2020).

Here, the Report found that the imminent danger exception did not apply "because Plaintiff can not allege imminent danger of serious physical injury based on the alleged claims presented." ECF No. 6 at 5. In support of this finding, the magistrate judge notes that Plaintiff's complaint, which relates to "the investigation/prosecution of the charges for which Plaintiff is currently detained waiting trial [,] involves allegations nearly identical to those in No. 3:23-cv-1665-TLW, which was summarily dismissed." *Id*. Moreover, the events alleged in the complaint were on August 3, 2022, and thus do not constitute an imminent danger because they "must exist contemporaneously when the action was filed [.]" *Id*. (citing *Hall v. United States*, 44 F.4th 218, 224 (4th Cir. 2022)) (internal quotations omitted).

The Report recommends that Plaintiff's motion for leave to proceed *in forma pauperis* be denied and that, to proceed with his complaint, Plaintiff be directed to pay the full filing fee of $350.00, plus the $52.00 administrative fee. *Id*. at 6. The magistrate judge further recommends that, should the Court accept this recommendation, Plaintiff be given 14 days from the date of this Court's order to pay the full filing fee, which would return this matter to the magistrate judge for adjudication. *Id*. However, should

Plaintiff fail to pay the fee, the Report recommends that either "by a self-executing Order or by additional Order of this District Court, the complaint be dismissed without prejudice and without issuance of service of process." *Id.*

As noted, Plaintiff filed objections. ECF No. 8. In his objections, Plaintiff asserts that he can satisfy the imminent danger exception. *Id.* Specifically, he argues that he meets the exception because, at the time of his arrest, he was receiving disability for "anti-social, anxiety, bipolar, [and] depression." *Id.* at 1. He notes that his "disability year on set including physical conditions such as degenerative joint disease of the cervical spine." *Id.* Finally, Plaintiff argues that he has been hospitalized for suicide attempts while awaiting trial and that his "mental health has currently placed him under imminent danger of needing to commit suicide [.]" *Id.* at 2.

The Court is charged with conducting a *de novo* review of any portion of the magistrate judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report, Plaintiff's objections, and other relevant filings. In doing so, the Court agrees with the magistrate judge that Plaintiff does not meet the "imminent harm" exception to the PLRA's three-strike rule. Plaintiff's complaint fails to plausibly allege any facts supporting a claim of imminent danger of serious physical injury. His complaint seeks to litigate the facts surrounding his underlying state murder charge. ECF No. 1. Specifically, his belief that improper medical treatment and/or medical transportation was the cause of the victim's death, which led to Plaintiff "being wrongfully charged with murder." *Id.* at 15. The "imminent danger" asserted is therefore unrelated to the allegations of Plaintiff's complaint and therefore fails to have some nexus or relation to the allegations of the complaint. *Meyers*, 801 Fed. App'x at 91 ("allegations of imminent danger in the IFP application must have some nexus or relation to those of the underlying complaint."). Further, to meet the "imminent danger" exception, a plaintiff "must allege 'ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury'" on the part of the plaintiff's detention facility. *Meyers*, 767 Fed. App'x at 439. Plaintiff does not allege that the medical conditions he points to in his objections are the cause or result of a pattern of misconduct on the part of his facility. He can therefore not establish that he meets the PLRA's imminent danger exception.

Based on its *de novo* review of Plaintiff's objections, the Court **ACCEPTS** the magistrate judge's Report, ECF No. 6. Plaintiff's objections, ECF No. 8, are **OVERRULED**. For the reasons stated in the Report, to proceed with this action, Plaintiff must pay the outstanding filing and administrative fees in the amount of $402.00. Plaintiff shall have **FOURTEEN DAYS** from the date of this order to pay the

outstanding fees. Should Plaintiff fail to pay the fees, the Clerk of Court is directed to **DISMISS** Plaintiff's complaint **WITHOUT PREDJUDICE AND WITHOUT ISSUANCE OF SERVICE OF PROCESS.**

    **IT IS SO ORDERED**.

                                                  *s/Terry L. Wooten*
                                                  Senior United States District Judge

August 24, 2023
Columbia, South Carolina